UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | |
|---|---|
| ROBERT CLARK THOMPSON JUNIOR [*nka*] ACHAK BEN ANIYUNWIYA, | : Case No. 2:22-cv-2568 |
| Plaintiff, | : |
| vs. | : Judge Michael H. Watson |
|  | : Magistrate Judge Peter B. Silvain, Jr. |
| STATE OF OHIO - JUDGE KALIS, *et al.*, | : |
| Defendants. | : |

**REPORT AND RECOMMENDATION**

Plaintiff, an Ohio prisoner proceeding *in forma pauperis* and without the assistance of counsel, has filed a civil rights complaint with this Court. (Doc. 1, 6). He appears to allege violations of his constitutional rights in connection with a child support case in the Muskingum County, Ohio, Court of Common Pleas. (Doc. 1, PageID 5). Plaintiff alleges, among other things, that he has been "jailed for non-payment" of support, despite providing an "Affidavit of Sovereignty" and related documents to the state court judge. (*Id.*).

The matter is before the Court to conduct the initial screen of the Complaint as required by law. For the reasons that follow, the Undersigned **RECOMMENDS** that this Court **DISMISS** the Complaint in its entirety.

**I.      Initial Screening Standard**

Because Plaintiff is a prisoner seeking "redress from a governmental entity or officer or employee of a governmental entity," and is proceeding *in forma pauperis*, the

Court is required to conduct an initial screen of his Complaint. 28 U.S.C. § 1915A(a) and 28 U.S.C. § 1915(e)(2). The Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b) and 1915(e)(2).

To state a claim for relief, a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court must construe the complaint in plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). However, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Id*. (quoting *Twombly*, 550 U.S. at 555).

In the interest of justice, this Court is also required to construe a pro se complaint liberally and to hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) and citing Fed. R. Civ. P. 8(f) [now (e)]). Even with such a liberal construction, a pro se complaint must still adhere to the "basic pleading essentials."

2

*Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Specifically, a pro se "complaint 'must contain either direct or inferential allegations respecting all the material elements' to recover under some viable legal theory." *Barhite v. Caruso*, 377 F. App'x 508, 510 (6th Cir. 2010) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)).

In addition, "[t]he Sixth Circuit 'has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what *each* defendant did that violated the asserted constitutional right.'" *Reid v. City of Detroit*, No. 18-13681, 2020 WL 5902597, at *6 (E.D. Mich. Oct. 5, 2020) (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)) (emphasis in original). "Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983." *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978)). Thus, "[w]here a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to pro se complaints." *Catanzaro v. Harry*, 848 F. Supp. 2d 780, 791 (W.D. Mich. 2012).

**II.     Parties and Claims**

Plaintiff, Robert Clark Thompson Junior, apparently now known as Achak Ben Aniyunwiya, is or was serving a 90-day jail sentence for non-payment of support. (Doc. 1, PageID 1, 5). He names as defendants in this action the following: (1) Maria Kalis, Judge of the Muskingum County, Ohio, Court of Common Pleas; (2) Gregory Starcher, an attorney for the Muskingum County Job and Family Services and/or the Muskingum

3

County Child Support Enforcement Agency ("CSEA"); (3) Donita M. Barnett, whom he identifies as "mother," presumably of the child at issue; (4) Matthew Lutz, the Muskingum County Sheriff; (5) David Suciu, a captain at the Muskingum County Jail; (6) the Zanesville Times Recorder, a newspaper; (7) the Muskingum County Public Defender; and (8) perhaps, the State of Ohio. (Doc. 1, PageID 2-3, 6).

The pro se Complaint contains a number of allegations with respect to the state court proceedings. In general, Plaintiff alleges violations of numerous constitutional provisions because of his jail term for non-support. Little context is provided for most of these allegations in the Complaint. It appears, from public records available online, that in March 2021, the Muskingum County CSEA filed a motion to hold Plaintiff in contempt for failure to pay support. *See* online docket of *Donita M. Barnett v. Robert C. Thompson,* Muskingum C.C.P. No. JV000034337, available by name or case number search at https://clerkofcourts.muskingumcounty.org/eservices/home.page.16 (accessed Aug. 11, 2022) (the "State Court Case").[1] Online records for this case begin in 1998. More recently, the docket contains an entry on April 5, 2022, which says:

> JUDGMENT ENTRY FILED [369/313] ROBERT CLARK THOMPSON nka ACHAK BEN ANIYUNWIYA HAS FAILED TO COMPLY WITH THE CONDITIONS UPON WHICH THE COURT SUSPENDED ITS JAIL SENTENCE. THE VERBAL MOTIONS MADE BY MR. ANIYUNWIYA DURING THE HEARING IS DENIED. THEREFORE, ROBERT CALRK THOMPSON nka ACHAK BEN ANIYUNWIYA IS HEREBY COMMITTED TO THE COUNTY JAIL FOR NINETY (90) DAYS WITH ANY CREDIT FOR TIME SERVED ON THIS CASE. ROBERT CLARK THOMPSON nka ACHAK BEN ANIYUNWIYA IS ORDERED TO REPORT TO THE MUSKINGUM COUNTY JAIL ON APRIL 22, 2022

---

[1] This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

4

> AT 9:00 A.M. FAILURE TO APPEAR SHALL RESULT IN A WARRANT BEING ISSUED FOR THE ARREST OF ROBERT CLARK THOMPSON nka ACHAK BEN ANIYUNWIYA. COURT COSTS ARE ASSESSED TO ROBERT CLARK THOMPSON nka ACHAK BEN ANIYUNWIYA. COPY TO DONITA BARNETT REGULAR MAIL, COPY HAND DELIVERED TO ROBERT CLARK THOMPSON, CSEA, MUSKINGUM COUNTY JAIL.

The Complaint in this case was submitted on June 13, 2022. (Doc. 1, PageID 7).

As best as can be determined, Plaintiff appears raise four issues in the Complaint. First, he suggests that he may not be the father of Donita Barnett's child. (Doc. 1, PageID 5). He denies that there was any physical harm to anyone such as would warrant jail time, and asserts that he did not have the opportunity to confront his accuser, Donita Barnett. (*Id*.). He challenges the legality of jailing him for non-payment of support under "Art. 1, Sec. 15 of the Ohio Constitution's Bill of Rights." (*Id*.).

Second, Plaintiff alleges issues with respect to his "Status and Standing in Law," which were apparently not honored by Judge Kalis in the State Court Case. (Doc. 1, PageID 5). Specifically, he says that he notified the Court (through the Clerk) and submitted "Secured Party Filings," including an "Affidavit of Sovereignty, Affidavit of Reservation of Rights, and a Commercial Affidavit with a schedule of Fees." These documents were allegedly "violated by Judge Kalis and the Muskingum County Sheriff Office." (*Id*., PageID 6).

Third, Plaintiff raises concerns about the conditions at the Muskingum County Jail. (Doc. 1, PageID 6). Among other things, he says that he was denied the "holistic treatment" he uses to address his medical issues. He says he was denied access to a law

5

library, his mail was opened, he was exposed to black mold, and that he is housed with violent offenders. (*Id*.).

Fourth, Plaintiff alleges defamation of character, slander, copyright and trademark infringement, and also alleges that "I agreed to cop to a plea deal under coercion and duress," although it is not clear to which case he refers. (Doc. 1, PageID 6).

Plaintiff seeks to have his criminal record "cleared and all monies paid, garnished or withheld repaid" to him. (Doc. 1. PageID 6). He also asks for changes to the training for the Muskingum County Sheriff Deputy system. (*Id*.). Finally, he seeks to "invoke the schedule of fee violations" connected to his Commercial Affidavit. (*Id*.).

### III. Discussion

Although it does not specify, the Undersigned construes the pro se Complaint as raising claims under 42 U.S.C. § 1983. This statute allows a plaintiff to seek redress from state actors for "the deprivation of any rights, privileges, or immunities secured by the Constitution." *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To state a cause of action under Section 1983, a plaintiff must allege: "(1) a deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ*., 542 F.3d 529, 534 (6th Cir. 2008) (citation omitted). Upon review, the Undersigned concludes that Plaintiff has not stated a plausible claim on which relief can be granted against any of the named Defendants.

### A. Claims against the State of Ohio

To the extent that Plaintiff named the State of Ohio as a defendant (Doc. 1, PageID 1, 3), the claims against it should be dismissed. First, claims against the State of Ohio are barred by the Eleventh Amendment to the United States Constitution, which "'denies to the federal courts authority to entertain a suit brought by private parties against a state without its consent.'" *Maben v. Thelen*, 887 F.3d 252, 270 (6th Cir. 2018) (quoting *Ford Motor Co. v. Dep't of Treasury of Indiana*, 323 U.S. 459, 464 (1945)). "The [Supreme] Court has held that, absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court." *Maben*, 887 F.3d. at 270, (quoting *Kentucky v. Graham*, 473 U.S. 159, 169 (1985)). Thus, "because Ohio has not consented to suits in federal court nor has Congress abrogated Ohio's immunity under § 1983," the State of Ohio has immunity for claims against it. *Smith v. DeWine*, 476 F. Supp. 3d 635, 652 (S.D. Ohio 2020) (citing *Ohio v. Madeline Marie Nursing Homes # 1 & # 2*, 694 F.2d 449, 460 (6th Cir. 1984); *Giles v. Univ. of Toledo*, 478 F. Supp. 2d 924, 960-61 (N.D. Ohio 2007)).

Moreover, the State of Ohio is not a "person" that may be sued under § 1983. *See Campbell v. Hamilton Cnty.*, 23 F. App'x 318, 327 (6th Cir. 2001) ("a state is not deemed a 'person' who may be sued under § 1983."); *Vizcarrondo v. Ohio Dep't of Rehab. & Corr.*, No. 1:18-cv-1255, 2019 WL 6251775, at *5 (N.D. Ohio Nov. 22, 2019) ("multiple courts have found that ODRC is not a 'person' subject to suit under 42 U.S.C. § 1983."); *Peeples v. Ohio Dep't of Rehab. & Corr.*, 64 F.3d 663 (6th Cir. 1995) (affirming district

7

court's dismissal of suit against the ODRC which said that "the ODRC is not a 'person' subject to suit for damages under § 1983.") (unreported table case).

Because the State of Ohio is not a "person" and is otherwise immune from a suit for damages, Plaintiff cannot state a § 1983 claim against it on which relief may be granted. Any claims against the State of Ohio should be dismissed.

### B. Claims against Judge Kalis

The claims against Judge Kalis are barred by judicial immunity. "It is well established that judges are entitled to absolute judicial immunity from suits for money damages for all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of any jurisdiction." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (citing *Mireles v. Waco,* 502 U.S. 9 (1991); *Foster v. Walsh,* 864 F.2d 416 (6th Cir. 1988)). Judicial immunity shields judges and certain other public officers "from undue interference with their duties and from potentially disabling threats of liability." *Harlow v. Fitzgerald*, 457 U.S. 800, 806 (1982). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles*, 502 U.S. at 11.

The allegations in the Complaint appear to target Judge Kalis' actions taken in State Court Case and therefore in her judicial capacity. (Doc. 1, PageID 5-6). There is no express argument in the Complaint that Judge Kalis entirely lacked jurisdiction, but it may be that Plaintiff's reference to his Affidavit of Sovereignty and other documents is such an argument. To the extent that Plaintiff is raising the "indisputably meritless legal theory that he is a free sovereign," he fails to raise a plausible allegation that Judge Kalis

8

lacked jurisdiction in any way. *See Matthews v. United States*, No. 3:16-cv-148, 2016 WL 2624974, at *4 (S.D. Ohio May 9, 2016), *report and recommendation adopted*, 2016 WL 3002429 (S.D. Ohio May 23, 2016).[2] Judge Kalis, therefore, is immune from suit, and any claims against her should be dismissed.

### C. Claims against Sheriff Lutz and Captain Suciu

Plaintiff's claims against Sheriff Lutz are unclear. He allege that the "Muskingum County Sheriff Office," like Judge Kalis, violated his "Commercial Affidavit and schedule of fees." (Doc. 1, PageID 6). Assuming that this is an allegation against Sheriff Lutz personally, it fails to state a plausible deprivation of Plaintiff's federal constitutional rights on a "sovereignty" theory. *See Matthews,* 2016 WL 2624974, at *4.

Plaintiff also raises claims about the conditions of his confinement and other issues arising during his time at the Muskingum County Jail. (Doc. 1, PageID 6). He notes in particular that Captain Suciu told him that his mail was opened, held, and copied. (*Id*.). The allegations about the jail, which are mostly conclusory allegations without factual development, are improperly joined in this action, and should be dismissed without prejudice.

A plaintiff may not join unrelated claims and various defendants unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences;

---

[2] "Little needs to be said about this legal theory because courts 'have repeatedly rejected...theories of individual sovereignty, immunity from prosecution, and their ilk.' *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011); *see United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir.1990) (describing defendant's proposed 'sovereign citizen' defense as having 'no conceivable validity in American law'); *see also DuBose v. Kasich*, No. 2:11-CV-00071, 2013 WL 164506, at *3 (S.D. Ohio Jan. 15, 2013) (Sargus, D.J.) (and cases cited therein). Because [the] Complaint raises 'indisputably meritless' legal theories concerning, it lacks an arguable basis in law and is therefore frivolous and subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i)." *Matthews*, 2016 WL 2624974, at *4.

and . . . any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). *See also George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.").

"[T]he proper remedy for . . . misjoinder is to sever the claims against the unrelated parties and dismiss those claims without prejudice." *Cage v. Michigan*, No. 16-cv-11679, 2018 WL 3729062, at *2 (E.D. Mich. Aug. 6, 2018). Under Fed. R. Civ. P. 21, courts have "broad discretion 'to order severance to avoid causing unreasonable prejudice and expense to the defendant . . . and to avoid great inconvenience in the administration of justice.'" *Proctor v. Applegate*, 661 F. Supp. 2d 743, 781 (E.D. Mich. 2009) (quoting *Nali v. Michigan Dep't. of Corrections*, No. 07-10831, 2007 WL 4465247, *3 (E.D. Mich. 2007)) (alteration in original).

The main thrust of Plaintiff's Complaint appears to concern actions taken in the State Court Case. Thus, to the extent that he would like to bring unrelated claims about his time at Muskingum County Jail, he must do so in a separate suit. The Undersigned notes that Plaintiff already has filed such a suit. *See Aniyunwiya v. Lutz,* No. 2:22-cv-2325 (S.D. Ohio). His claims against Sheriff Lutz and Captain Suciu concerning those issues *in this suit* should therefore be dismissed without prejudice.

10

### D. Claims against Attorney Starcher, the Public Defender, and Donita Barnett

The Complaint does not articulate any factual allegations against Attorney Starcher. The Undersigned can infer from context and the manner in which he is named that Attorney Starcher represents or represented the Muskingum County CSEA in the State Court Case proceedings against Plaintiff. But, without factual allegations showing both that he acted under color of state law and that he deprived Plaintiff of an identified federal or constitutional right, *Hunt*, 542 F.3d at 534, Plaintiff has failed to state a plausible claim against him. As discussed above, "listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983." *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978)). Plaintiff must also plead facts showing what each defendant did that violated his constitutional rights. *Reid v. City of Detroit*, No. 18-13681, 2020 WL 5902597, at *6 (E.D. Mich. Oct. 5, 2020). He has not done so here.

Plaintiff's claim against the Muskingum County Public Defender appears to concern his allegation that he "was advised by a court-appointed attorney to waive my rights [with respect to the child at issue] . . . without him explaining the ramifications of doing this." (Doc. 1, PageID 5). This claim fails, both because it does not contain sufficient factual material to show the deprivation of a federal or constitutional right, and because public defenders are not state actors subject to suit under § 1983. *See Thomas v. Pugh*, 9 F. App'x 370, 373 (6th Cir. 2001) (citing *Polk County v. Dodson*, 454 U.S. 312,

11

321 (1981)) ("The Supreme Court has determined that a public defender is not a state actor for purposes of § 1983.").

Plaintiff's claims against Donita Barnett have a similar problem: she is private actor, rather than state actor. As discussed above, a § 1983 claim can only be raised against a "a person acting under color of state law." *Hunt*, 542 F.3d at 534. "[A]s a general rule, § 1983 does not reach the conduct of private parties acting in their individual capacities." *Weser v. Goodson*, 965 F.3d 507, 515-16 (6th Cir. 2020) (citing *Lindsey v. Detroit Entm't, LLC*, 484 F.3d 824, 827 (6th Cir. 2007)). There are some exceptions, but none are implicated on the facts in the Complaint. *See Morant v. Moyer,* No. 2:21-cv-5211, 2021 WL 5937757, at *3 (S.D. Ohio Dec. 16, 2021), *report and recommendation adopted*, 2022 WL 93340 (S.D. Ohio Jan. 10, 2022).

The claims against these three Defendants should therefore be dismissed.

### E. Claims Against the Newspaper

Plaintiff does not articulate any particular claims against the Zanesville Times Recorder. Construing his Complaint liberally, Plaintiff may have intended the single reference to "Defamation of Character, slander" as against the Newspaper. Simply including these words, however, without any factual allegations to explain them, is insufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 577 (2007) (a claim is insufficient "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"). Any claims against the Zanesville Times Recorder should therefore be dismissed.

12

### F. Additional Issues

It appears that some of the facts described in the Complaint happened many years ago. For instance, Plaintiff alleges that these events occurred in "1995 – 04/06/2022," and notes that "in 2008, [he] was imprisoned for non support." (Doc. 1, PageID 5). Some of the claims, therefore, may also be barred by the statute of limitations.

The statute of limitations, or time limit, for bringing a § 1983 action is the state's general statute of limitations for personal injury claims. *Owens v. Okure*, 488 U.S. 235, 236 (1989). In Ohio, this statute of limitations is two years from when the claim accrued. *See Cooey v. Strickland*, 479 F.3d 412, 416 (6th Cir. 2007); *Harris v. German Twp.*, No. 3:19-cv-341, 2022 WL 866815, at *5 (S.D. Ohio Mar. 23, 2022). A claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of [her] action." *Harris*, 2022 WL 866815, at *5 (citing *Cooey*, 479 F.3d at 416). Actions that Plaintiff knew or had reason to know of that occurred more than two years ago, are likely barred by the statute of limitations. Because the pro se Complaint is not entirely clear with respect to the timing or scope of many of his claims, the Undersigned raises this additional issue in the interest of completeness.

Finally, to the extent that the pro se Complaint is asking this Court to overturn or invalidate the the result of the State Court Case, that claim should be dismissed under the *Rooker-Feldman* doctrine. This doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

This District Court does not have jurisdiction to directly review state court judgments. *See Hall v. Callahan*, 727 F.3d 450, 453 (6th Cir. 2013) ("Federal district courts do not stand as appellate courts for decisions of state courts.").[3] Only the United States Supreme Court has jurisdiction to review a case litigated and decided in a state court. 28 U.S.C. § 1257; *Exxon Mobil,* 544 U.S. at 292 (federal courts' "authority to review a state court's judgment" is vested "solely in [the Supreme] Court."). An attack on a state court judgment on constitutional grounds can fall within the *Rooker-Feldman* bar. As an example:

> Suppose a state court, based purely on state law, terminates a father's parental rights and orders the state to take custody of his son. If the father sues in federal court for the return of his son on grounds that the state judgment violates his federal substantive due-process rights as a parent, he is complaining of an injury caused by the state judgment and seeking its reversal. This he may not do, regardless of whether he raised any constitutional claims in state court, because only the Supreme Court may hear appeals from state-court judgments.

*McCormick v. Braverman*, 451 F.3d 382, 394 (6th Cir. 2006) (quoting *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 87-88 (2d Cir. 2005)). "A plaintiff does not avoid this jurisdictional problem "by couching his claims against the various defendants in terms of a civil rights action." *Smith v. Lawrence Cnty. Sheriff's Dep't*, 84 F. App'x 562, 563 (6th Cir. 2003).

---

[3] Collateral attack, rather than direct review, is permitted in habeas corpus cases, subject to the limitations discussed above and in that statute. *See VanderKodde v. Mary Jane M. Elliott, P.C.*, 951 F.3d 397, 407 (6th Cir. 2020) (Sutton, C.J., concurring) (discussing the roots of the *Rooker-Feldman* doctrine and noting that: "Just one federal statute to my knowledge empowers district courts to review final state court judgments, 28 U.S.C. § 2254(a), which allows federal habeas review of state prisoners' petitions for relief. Even that statute allows just collateral review, as opposed to direct review, of state court final judgments. That no other federal statute permits federal district courts to directly review state court judgments cements [28 U.S.C.] § 1257's implication that the U.S. Supreme Court normally is the exclusive route to appeal final state court judgments.").

To the extent that Plaintiff's claims implicate these additional issues, they should be dismissed.

## IV. Conclusion

Plaintiff has failed to state a claim on which relief may be granted in his Complaint. (Doc. 1). The Undersigned therefore **RECOMMENDS** that the Complaint be **DISMISSED** in its entirety pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B). More specifically, the Undersigned **RECOMMENDS** that the claims against the State of Ohio, Judge Kalis, Attorney Starcher, the Muskingum County Public Defender, Donita Barnett, and the Zanesville Times Recorder be **DISMISSED with PREJUDICE.** The Undersigned **RECOMMENDS** that any claims against Sheriff Lutz and Captain Suciu be **DISMISSED without PREJUDICE**.

Should the District Judge adopt this recommendation, the Undersigned further **RECOMMENDS** that the District Judge find that any appeal in this matter by Plaintiff would not be taken in good faith, and that Plaintiff may not proceed on appeal *in forma pauperis.*

Plaintiff is **ADVISED** that he must keep this Court informed of his current address. The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to Plaintiff at the address in the Complaint (Doc. 1, PageID 2), at the Muskingum County Jail (*see* Doc. 5), and at the Correctional Reception Center.[4]

---

[4] It appears that Plaintiff is now an inmate confined by the Ohio Department of Rehabilitation and Correction at the Correctional Reception Center. *See* Offender Search results, available at https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A805184 (accessed Aug. 11, 2022). Plaintiff's admission date is reflected as July 14, 2022.

## V. Notice Regarding Objections to this Report and Recommendation

If any party objects to this Report and Recommendation ("R&R"), the party may serve and file specific, written objections to it within **FOURTEEN (14) DAYS** after being served with a copy thereof. Fed. R. Civ. P. 72(b). All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the 14-day objections period if a timely motion for an extension of time is filed.

A Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made. Upon proper objection, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

August 15, 2022                        *s/Peter B. Silvain, Jr.*
                                                     PETER B. SILVAIN, JR.
                                                     UNITED STATES MAGISTRATE JUDGE