UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Achak Ben Aniyunwiya,

    Plaintiff,                               Case No. 2:22-cv-2325

v.                                            Judge Michael H. Watson

Matthew Lutz, *et al.*,                Magistrate Judge Silvain, Jr.

    Defendants.

---

Achak Ben Aniyunwiya,

    Plaintiff,                               Case No. 2:22-cv-2568

v.                                            Judge Michael H. Watson

Judge Maria Kalis, *et al.*,          Magistrate Judge Silvain, Jr.

    Defendants.

## OPINION AND ORDER

The magistrate judge issued a Report and Recommendation ("R&R") in each of these cases; each R&R recommended dismissal of the case. Case No. 2:22-cv-2325, ECF No. 12; Case No. 2:22-cv-2568, ECF No. 7. When Plaintiff failed to timely object to either R&R, the Court adopted both and dismissed Plaintiff's Complaints. Case No. 2:22-cv-2325, ECF No. 13; Case No. 2:22-cv-2568, ECF No. 11.

Several months later, Plaintiff moved for reconsideration, arguing he failed to timely object because he did not receive the R&Rs. Case No. 2:22-cv-2325, ECF

No. 15; Case No. 2:22-cv-2568, ECF No. 13. He also requested the Court continue both cases until after his release from prison, and he asked the Court to appoint him counsel. Case No. 2:22-cv-2325, ECF No. 16; Case No. 2:22-cv-2568, ECF No. 14.

The Court granted Plaintiff's motions for reconsideration and provided Plaintiff additional time to object to each R&R. Case No. 2:22-cv-2325, ECF No. 17; Case No. 2:22-cv-2568, ECF No. 15. The Court denied Plaintiff's motions for counsel and to continue the cases until after his release from custody. *Id.*

Plaintiff has filed the same set of objections to each R&R. Case No. 2:22-cv-2325, ECF No. 18; Case No. 2:22-cv-2568, ECF No. 16. The thrust of those objections is that Plaintiff is a natural born person, and the entity involved in the state cases referenced in the Complaints is an artificial person created by the government. *Id.* Plaintiff argues he renegotiated his contract with the State of Ohio and provided ample notice of the revised contract to various government officials prior to the events at issue in these cases. *Id.*

The objections fail to satisfy Federal Rule of Civil Procedure 72(b)(2). They are not "specific objections" to any factual finding or recommendation in either R&R. Other than including a general objection to any form of legal immunity, Plaintiff's document does not point to any specific portion of either R&R that should be reviewed *de novo*.

Out of an abundance of caution, however, the Court has performed a *do novo* review of the magistrate judge's recommended disposition in each case. The Court **OVERRULES** Plaintiff's objections and **ACCEPTS** the recommended disposition for the reasons stated in the R&Rs. In addition to the reasoning contained in the R&Rs,

the Court notes that, to the extent Plaintiff alleges false imprisonment or malicious prosecution, those claims are barred by *Heck v. Humphrey*, 512 U.S. 486, 487 (1994), as success on either of those claims would imply that Plaintiff's criminal convictions are invalid.

Accordingly, Plaintiff's Complaints in the above-captioned cases are **DISMISSED** as follows:

- In Case No. 2:22-cv-2325, Plaintiff's claims against Sheriff Lutz and Deputy Swiney are **DISMISSED WITH PREJUDICE** to the extent the claims are based on those defendants' alleged illegal disregard of Plaintiff's status as a Sovereign Citizen. Any other claim against Sheriff Lutz or Deputy Swiney is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim. Plaintiff's claim against Nurse Shelly is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim. Plaintiff's claims against Judge Fleegle, Captain LeCocq, Captain Suciu, Prosecutor Little, and Prosecutor Welch are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim. Plaintiff's claim against Attorney Edwards is **DISMISSED WITH PREJUDICE.**

- In Case No. 2:22-cv-2568, Plaintiff's claims against the State of Ohio are **DISMISSED WITHOUT PREJUDICE** due to sovereign immunity. Plaintiff's claims against Judge Kalis, the Muskingum County Public Defender, and Donita Barnett are **DISMISSED WITH PREJUDICE**. Plaintiff's claims against Attorney Starcher, the Zanesville Times Recorder, Sheriff Lutz, and Captain Suciu are **DISMISSED WITHOUT PREJUDICE**

Further, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith.

The Clerk is **DIRECTED** to close these cases.

**IT IS SO ORDERED.**

*Michael H. Watson*

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**